# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

ROBERT FLUKER,

    Petitioner,

v.

ISIDRO BACA, *et al.*,

    Respondents.

Case No. 3:17-cv-00299-MMD-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion for appointment of counsel (ECF No. 5) and for initial review under Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has paid the filing fee.

On petitioner's motion for appointment of counsel, the financial exhibits submitted with the pauper application establish petitioner's financial eligibility for appointment of counsel under 18 U.S.C. § 3006A. The Court finds that appointment of counsel is in the interests of justice given petitioner's claims based on allegations of traumatic brain injury and the limitations placed on inmates in accessing, possessing, and presenting their medical records; the potential complexity of the procedural issues involved in presenting the medical evidence referenced in the petition; and petitioner's sentence in the aggregate of 20 to 50 years. In appointing counsel, the Court makes no implicit finding or holding with regard to what evidence, medical or otherwise, potentially might be considered in federal court on the merits and/or on other procedural issues in the context of this action.

It is therefore ordered that, the filing fee having been paid, the Clerk of Court will file the petition.

It further is ordered that petitioner's motion for appointment of counsel (ECF No. 5) is granted. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It is further ordered that the Federal Public Defender will be provisionally appointed as counsel and will have thirty (30) days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then will appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered, so the respondents may be electronically served with any papers filed through counsel, that the Clerk will add state attorney general Adam P. Laxalt as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel will enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response shall be required from respondents until further order of the Court.

///

The Clerk further will send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

The Clerk additionally will provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED THIS 27th day of October 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE