UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT FLUKER,<br><br>              Petitioner,<br>   v.<br>ISIDRO BACA, *et al.*,<br><br>             Respondents. | Case No. 3:17-cv-00299-MMD-VPC<br><br>ORDER |

Following upon the entry of appearance (ECF No. 9) by the Federal Public Defender, it is ordered that the Federal Public Defender, through Amelia L. Bizzaro, Esq., is appointed as counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It is further ordered that petitioner will have until up to and including one hundred twenty (120) days from entry of this order within which to file an amended petition and/or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any

amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that respondents must file a response to the amended petition, including potentially by motion to dismiss, within sixty (60) days of service of an amended petition and that petitioner may file a reply within thirty (30) days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

It is further ordered that any procedural defenses raised by respondents to the counseled amended petition must be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It further is ordered that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that any state court record and related exhibits filed herein by either petitioner or respondents must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment. If the exhibits filed will span

more than one ECF Number in the record, the first document under each successive ECF Number must be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (*i.e.*, Attachment 1, 2, etc.).

It is further ordered that the hard copy of any exhibits filed by either counsel must be delivered — for this case — to the Reno Clerk's Office.

DATED THIS 11th day of December 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE