UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT FLUKER, | Case No. 3:17-cv-00299-MMD-CBC |
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA, *et al.*, | |
| Respondents. | |

Before the Court is Respondents' Motion for Leave to File Exhibit Under Seal (ECF No. 28).[1] No response was filed and the deadline for doing so has expired. For the reasons discussed below, Respondents' motion is denied without prejudice.

Respondents seek leave to file one document under seal: Petitioner's Presentence Investigation Report (PSI) dated August 9, 2011, Exhibit 6 to the Motion to Dismiss (ECF No. 25). The Court denies the motion without prejudice because the exhibit containing the PSI was not submitted for review. The Court cannot analyze the relevant factors without reviewing the documents.

When requesting leave to file under seal, first, a party must file its underlying brief or motion. Second, the party files its motion to seal on the public docket without the confidential documents and "links" this motion to seal in CM/ECF to the underlying motion.

---

[1] The Court notes that the motion requests *in camera* review. Documents filed *in camera* are not the same as documents filed under seal. A document filed *in camera* is not made part of the record, and the document is viewed only by the Court, not by other parties or the public. LR IA 10-4. *In camera* review is disfavored and its application is generally confined to situations where the court resolves a dispute regarding an asserted privilege. *See, e.g.*, *Nishika, Ltd. v. Fuji Photo Film Co.*, 181 F.R.D. 465, 467 (D. Nev. 1998). Documents filed under seal, on the other hand, can be viewed by the Court and other parties but not by the public, and the document is part of the record. LR IA 10-5. The Local Rules of Practice provide that the Court's electronic files constitute its official record. LR IC 1-1(e). With limited exceptions, counsel must electronically file *all submissions* to the Court through the CM/ECF system. This includes all exhibits, LR IA 10-3, LR IC 2-2, and sealed documents, LR IA 10-5, LR IC 4-1.

*See* LR IC 2-2(d).[2] For example, if a party asks to seal exhibits pertaining to a motion to dismiss, the party would link the motion to seal in CM/ECF to the motion to dismiss it previously filed. Third, the party files the confidential documents *under seal* in CM/ECF as "Sealed Exhibit(s)" and links the sealed exhibit(s) to its motion to seal.

Counsel are responsible for informing themselves and instructing their staff regarding the correct procedures for filing under seal. The parties are encouraged to contact the CM/ECF Help Desk at (702) 464-5555 prior to filing should they have any technical questions. For additional direction, the parties may also refer to the updated procedures in *CM/ECF Version 4.0 Enhancements and Changes*, which is available on the Court's website.

It is therefore ordered that Respondents' Motion for Leave to File Exhibit Under Seal (ECF No. 28) is denied without prejudice.

DATED THIS 12th day of July 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2]If the motion to seal itself contains confidential information, the moving party may file a *redacted* motion to seal on the public docket and an *unredacted* motion. However, this practice is disfavored as litigants should attempt to meet their burden under *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), without specific references to confidential information.